BETHEL, Judge,
concurring fully and specially.
I concur fully with all that is said in the majority’s opinion and write specially in hopes of providing guidance for the bench in future cases sharing the time line before the court today Here, the surrenders had not fully ripened at the time of the previously scheduled hearing. The juvenile court, nevertheless, relied exclusively on the now contested surrenders as the basis for terminating parental *482 rights.[6] Because the surrenders are contested at this stage in the proceedings, they cannot form the basis for the juvenile court to be affirmed. Without the surrenders, the instant order lacks sufficient findings of fact and conclusions of law to support termination of the mother’s parental rights.[7]
Decided May 26, 2017.
The Schofield Law Firm, Caroline A. Schofield, for appellant.
Christopher M. Carr, Attorney General, Annette M. Cowart, Deputy Attorney General, Shalen S. Nelson, Penny L. Hannah, Sen ior Assistant Attorneys General, James A. Chamberlin, Jr., Assistant Attorney General, for appellee.
Had the juvenile court developed the record at the hearing and made appropriate findings and conclusions based on the record (as opposed to relying exclusively on the surrenders), its failure to determine whether counsel should be appointed for the mother at the July 25, 2016 hearing would be of no consequence. Such an order would provide sufficient independent grounds to terminate parental rights and the surrenders would be mere surplusage. With this in mind, I take the opportunity to recommend to the interested bench and bar the practice of conducting a full hearing and entering a comprehensive order in cases where an as yet unripened surrender is pending at the time of the hearing.

 This was an understandable choice by the judge given that the parent in question was present in court and affirmed her surrender at that time.

 See generally In the Interest of A. S., 339 Ga. App. 875 (794 SE2d 672) (2016).